## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Gregory Roberts

May 14, 1986

Case No. 11,669

By JUDGE EDWARD W. HANSON, JR.

The Court must decide whether the evidence seized as a result of the stop of a car in which the defendant was riding should be suppressed. The car was stopped on March 5, 1985, at approximately 3:00 a.m. on a residential street, which was either the sole route or the most used route to a subdivision. Minutes earlier a report had been broadcast over the police radio to be on the lookout for two white males wanted for tampering with an auto. The car contained three white males and at the time of the stop the driver was not violating any motor vehicle laws. The officer stopped the car on the basis of his suspicions.

Va. Code Section 19.2-83 provides, in part, that:

> any police officer may detain a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit a felony or possesses a concealed weapon in violation of Section 18.2-308, and may require of such person his name and address. Provided further, that such police officer may, if he reasonably believes that such person intends to do him bodily harm, search his person for a dangerous weapon.

As is noted in *Simmons* v. *Commonwealth*, 217 Va. 552 (1977):

> the language in that part of our statute which permits a police officer to stop a person whom he reasonably suspects is committing, has committed, or is about to commit a felony is more stringent than the requirement stated in *Terry* (v. *Ohio*, 392 U.S. 1 (1968)) where a police officer observes unusual conduct which leads him reasonably to conclude in the light of his experience that criminal activity may be afoot. However, the statute permits a police officer to stop a person whom he reasonably suspects possesses a concealed weapon, and if he reasonably believes that such person intends to do him bodily harm, he may "search" the suspect's person for a dangerous weapon.

The import of Section 19.2-83, as reflected by *Simmons* is clear: the law in Virginia recognizes the protection of the rights of the individual from detention in a public place unless the officer reasonably believes the commission or possible commission of a felony is involved, but at the same time confers more protection for the police officer by allowing him to search the person of the suspect for a dangerous weapon. The law in Virginia therefore both contracts and expands the law of *Terry* and in so doing confers greater protection on two classes, individual citizens and police officers.

In the instant case, the officer received a radio broadcast of two young white males, on foot, suspected of tampering with an automobile, not a felony. He stopped a car that was in the vicinity, which he felt from his experience must have come from the area in question. There was no evidence that the driver of the car was operating it in a grossly negligent manner, as in *Landsdown* v. *Commonwealth*, 226 Va. 204 (1983), or of any violation of motor vehicle laws. Nor was there any evidence that the officer feared for his personal safety, an element also present in *Simmons* and *Landsdown*. Nor was there a particularized and objective basis to provide sufficient cause for suspecting the occupants of the car to be the particular persons involved in criminal activity, the element required by *Wright* v. *Commonwealth*, 222 Va. 188 (1981),

to remove the defendant individual citizen from the protection afforded under Section 19.2-83.

In summary, this Court finds that the requirements of Section 19.2-83 must be met to justify the admissibility of evidence seized under the facts of this case. The Court finding that those requirements have not been met, the defense motion to suppress is granted.