# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Steve Andre Whitlock

June 8, 1990

Case No. (Criminal Law) 90-108

By JUDGE JAY T. SWETT

On the evening of November 3, 1989, a warrantless search of the defendant was conducted by the Charlottesville City Police. The defendant moves to exclude certain evidence found during the search on several grounds. First, that the officer did not have sufficient facts to detain the defendant. Second, if he did properly stop the defendant, the officer should not have conducted this warrantless search because the defendant did not give consent that was free and voluntary. The third ground appears to be that the defendant was as a practical matter under arrest by the time the search was done and that the officer did not have probable cause either to arrest the defendant or to search him.

All of the evidence at the suppression hearing came from one officer. He testified that he was on patrol in what his experience led him to believe was an area known for high drug use. While on patrol, he received information, apparently through some form of radio transmission, that the defendant was selling illegal drugs near the corner of 8th Street NW and West Street. He was given a description of what the defendant was wearing and was informed that he was on a bicycle. The information came from a reliable

informant. The officer drove to the scene and arrived a minute or so after receiving the information. The officer saw the defendant on a bicycle wearing the clothes as described by the informant. The officer testified that he and the defendant knew each other from prior dealings, but there was no testimony as to what those dealings were. The defendant was the only one on the street. The officer stopped his vehicle so as to block the defendant's further travel on the bicycle. The officer identified himself to the defendant and asked him whether he had any weapons or crack cocaine. The defendant responded that he did not. At this time the officer had drawn his gun and was pointing it at the defendant. There were three other officers also present, and apparently each had a weapon pointed at the defendant.

The officer then asked the defendant whether he could search him. The defendant responded by giving his consent for the search. The officer proceeded to search the defendant and found a plastic container which the officer believed was crack cocaine. The defendant was then placed under arrest and given his *Miranda* warnings. This constitutes all the evidence at the suppression hearing.

The first issue to decide is whether the officer had sufficient information to detain the defendant when he was seen on the bicycle on 8th Street NW. The defendant argues that the officer did not have sufficient facts and information for him, the officer, to detain the defendant. Here the officer did not see the defendant do anything suspicious indicative of possible criminal behavior. Nor did the officer have direct knowledge of any facts to support a reasonable suspicion that the defendant had committed a crime. The defendant argues that the only information known by the officer was a conclusory statement given by an informant and that, as a matter of law, such information was insufficient.

The issue whether an officer may rely on conclusory statements of a reliable informant as a basis to detain a person appears to have been resolved in *Wright v. Commonwealth*, 222 Va. 188, 278 S.E.2d 849 (1981). There our Supreme Court sustained a finding of probable cause to make a warrantless arrest based upon information to an officer provided by an informant. There the informant

said there would be "a delivery of dope" at a certain location by the defendant and further described the type and color of car to be driven by the defendant. The informant was known to the officer and had a history of providing reliable information about crimes in narcotic cases. Armed with this information, the officer drove to the location given by the informant. There he saw the defendant drive up in the car described by the informant. The officer went up to the car, asked the defendant to get out and searched him finding a quantity of heroin.

In *Wright* the defendant moved to suppress the evidence on the ground that the police acted without knowledge of facts to support the informant's conclusion. 222 Va. at 191-192. The Court held that if the information received from the informant is sufficiently detailed, then it can support an inference that it was reliably acquired and thereby meet the requirements of *Aguilar v. Texas*, 378 U.S. 108 (1964). *Wright* was decided before *Illinois v. Gates*, 462 U.S. 213 (1983), and required a two-prong finding for probable cause. Under *Illinois v. Gates*, the test is the totality of the circumstances. The two-prong test of *Aguilar* is now one consideration of all the circumstances surrounding the event.

In light of *Wright*, *Aguilar* and *Illinois v. Gates*, it appears that a reliable informant's conclusions, if that is what describes what the informant said in this case, is sufficient if there are other circumstances which, when also taken into consideration, would support a fair probability that criminal activity is occurring. Here the informant described accurately the clothes worn by the defendant as well as the fact that the defendant was riding a bicycle. Considering all of the circumstances, I find that there was a sufficient basis to detain the defendant.

The next issue is whether the defendant's consent was voluntarily given in light of the four officers pointing guns at the time the defendant was asked if he could be searched. Pointing guns at the defendant certainly is a consideration in determining whether consent was given for this warrantless search. *Lowe v. Commonwealth*, 218 Va. 670 (1977). However, there is no other evidence on which the Court could base a finding that the statement by the defendant granting permission for the search was

not voluntary. Here, the only evidence is that consent was given for the search. The defendant did not testify as to coercion or threats or that his consent was not freely and voluntarily made. While the burden is on the Commonwealth to prove that consent was voluntary, the only evidence available is that the defendant gave permission for the search. Viewing the circumstances as a whole, I find that the defendant consented to the search. It should be noted also that consent was arguably not necessary since I would find the detention was permissible under *Terry v. Ohio*, 392 U.S. 1 (1968). Here the officer asked if the defendant had weapons or drugs. The search as described by the officer appears to be within the bounds of a "stop and frisk" search which can be done without the consent of the defendant.

Finally, the defendant argues that the defendant was actually under arrest at the time of the search and that the officer lacked probable cause to conduct the search. The Court agrees that the point at which the defendant is in custody and therefore under arrest, is not determined by the words of the officer, "You are under arrest." The circumstances may demonstrate that the arrest occurred earlier and the issue is whether there was probable cause at that earlier time. Presumably, the defendant argues here that there was insufficient information to support a finding of probable cause to conduct a warrantless search of the defendant. However, I find that the detention and subsequent search of the defendant is one to be measured under the less stringent standard of *Terry v. Ohio.* Here the officer asked about weapons and drugs. Concern over weapons, particularly in the context of a possible crime involving narcotics is sufficient to warrant the type of search conducted here. *See Williams v. Commonwealth*, 4 Va. App. 53, 354 S.E.2d 79 (1987).

The motion is denied.