Richmond

KENNETH LEE HARDY

v.

COMMONWEALTH OF VIRGINIA

No. 0792-88-2

Decided December 18, 1990

Counsel

Russell C. Williams, Assistant Public Defender (Kimberly B. O'Donnell, Assistant Public Defender, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Teryr, Attorney General, on brief), for appellee.

Opinion

**WILLIS, J.**—Kenneth Lee Hardy was convicted of possession of cocaine by a judge sitting without a jury. He contends on appeal that the trial judge erred in refusing to suppress evidence obtained from a warrantless search of his person. We agree and reverse.

The Richmond Police Department received an anonymous telephone call telling them that Kenneth Hardy was walking north on Hull Street wearing a black coat with a white fur collar and black fur hat. The unknown informant said that Hardy was accompanied by a fat black man and that he was armed and had cocaine in his hat.

Officer Dunn, who knew Hardy, responded to the call and observed Hardy as described. He approached Hardy, who appeared nervous, and advised him that he had information that he was in possession of a weapon. A pat down failed to reveal a weapon. Officer Dunn then removed Hardy's hat where he found cocaine.

Relying on *Wright v. Commonwealth*, 222 Va. 188, 278 S.E.2d 849 (1981), the Commonwealth argues that the totality of the circumstances, the informant's information and the corroboration thereof, was sufficient to establish probable cause justifying Hardy's arrest and the search of his person. Thus we are asked to determine whether at the time of the search of Hardy's hat Officer Dunn had probable cause to believe that an offense had been committed which justified arresting Hardy. We conclude that he did not.

 "[T]he test of constitutional validity [of a warrantless search] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." *DePriest v. Commonwealth*, 4 Va. App. 577, 583-84, 359 S.E.2d

540, 543 (1987), *cert. denied*, 488 U.S. 985 (1988) (quoting *Bryson v. Commonwealth*, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)). An important element in establishing the reliability of an anonymous tip is the predictive nature of the information. *Alabama v. White*, 110 S. Ct. 2412, 2417 (1990). The information provided by the informant must describe not just easily obtained facts, but future third party actions not easily predicted. *See Illinois v. Gates*, 462 U.S. 213 (1983). Probable cause to arrest must exist exclusive of the incident search. *Bryson*, 211 Va. at 86-87, 175 S.E.2d at 250.

The informant supplied the name of the defendant, a description of him, a description of his companion and their location, and stated what the defendant was carrying. Although Officer Dunn verified the description, this was nothing more than innocent detail which any casual observer could have given. None of the information was predictive. None bolstered the informant's reliability by revealing inner-knowledge of Hardy's activities. Anyone who saw Hardy on Hull Street that day could have given the same description of him. The uncorroborated statement that Hardy had a gun and cocaine neither enhanced nor detracted from the establishment of probable cause.

The Commonwealth argues that in this case, as in *United States v. Porter*, 738 F.2d 622 (4th Cir.) (*en banc*), *cert. denied*, 469 U.S. 983 (1984), the details of the informant's tip, combined with the officer's observations and verification of those details, provided probable cause to arrest and search Hardy. We disagree. In *Porter*, the informant's information was predictive. The informant stated that Penny Porter was flying to Miami and would be returning with a quantity of cocaine. The informant described Porter and her companion. The police verified that a "T. Porter" had flown to Miami. The arresting officer testified that police experience had taught him that people generally use aliases similar to their own names. The informant called back two days later and said Porter would be arriving that very afternoon. The Fourth Circuit Court of Appeals held that the corroboration of the informant's details, the predictive nature of the tip, and the arresting officer's observations of Porter, taken as a whole, gave rise to probable cause. *Id.* at 626. In this case, however, there was nothing predictive about the unknown informant's tip. It merely described Hardy and reported where and with whom he was. It gave

no indication of where he was going or what he was going to do.

This case is governed by our decision in *Carter v. Commonwealth*, 9 Va. App. 310, 387 S.E.2d 505 (1990). In *Carter*, an unnamed informant reported that a black male, dressed in a black and grey jacket, was selling drugs on the corner of Clay Street. The informant's reliability was not established on the record. When police officers proceeded to the area they observed a person, matching the description given, standing on the corner with several other people, but observed no behavior which indicated drug distribution. We stated that, "based upon the totality of the circumstances, no reasonable officer in this position would be justified in making an arrest." *Id.* at 313, 387 S.E.2d at 507.

This case is similar to *Carter* in that the tip was anonymous, all of the details were innocent, and the informant's information did not gain reliability by predicting future actions. The mere fact that Officer Dunn verified that Hardy was walking down Hull Street wearing certain clothing and that he appeared nervous is not sufficient to establish probable cause. Nothing in the pat down provided the officers with additional information giving rise to probable cause to arrest. The seizure and search of Hardy's hat violated his Fourth Amendment rights. The trial court erred in refusing to suppress as evidence the cocaine thus discovered.

The judgment of conviction is reversed and vacated, and the case is remanded to the trial court for retrial if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Cole, J., concurred.