BENTON, Judge,
dissenting.
In a case in which an anonymous tip conveyed detailed information to the police that a person was engaged in criminal activity, the Supreme Court of the United States declared it “a close case” and ruled as follows:
[T]he independent corroboration by the police of significant aspects of the informer’s predictions imparted some degree of reliability to the other allegations made by the caller.
[It is] also important that, as in [Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)], “the anonymous [tip] contained a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted.”
Alabama v. White, 496 U.S. 325, 332, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990).
In Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), where the informant was known and “came forward personally to give information,” id. at 146, 92 S.Ct. at 1923, the Supreme Court specifically noted that “[t]his is a stronger case than obtains in the case of an anonymous telephone tip.” Id. Indeed, the personal identification and, *731 thus, the apparent reliability that flows from an informant’s actual presence or disclosure of identity remains an essential means of accountability that could support a determination that the police officer had specific, articulable facts that would warrant a Terry stop for further investigation. See Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879-80, 20 L.Ed.2d 889 (1968). In Johnson v. State, 50 Md.App. 584, 439 A.2d 607, 608 (1982), Williams v. State, 629 S.W.2d 146, 147 (Tex.Ct. App.1982), and State v. Franklin, 41 Wash.App. 409, 704 P.2d 666, 668 (1985), the informants personally gave information to the police officers. In Groves v. United States, 504 A.2d 602, 602 (D.C.1986), the informant identified himself to the police. In none of these cases did the informant remain anonymous.
Furthermore, this Court’s decision in Beckner v. Commonwealth, 15 Va.App. 533, 425 S.E.2d 530 (1993), from which the majority invokes an “imminent danger” doctrine, did not involve a report of a weapon and no doctrine of “imminent danger” was invoked to decide that case. That case concerned a traffic stop based on a report that the driver was unlicensed. Id. at 534, 425 S.E.2d at 531. Furthermore, the informant in Beckner actually presented himself to the officer when he made the report. Id. Although the record did not disclose the name of the informant in Beckner, the personally reported tip imparted to the informant a degree of reliability that would not have existed had the informant remained invisible and unknown, as in this case.
The record in this case contains no basis upon which anyone could have determined that the invisible, unknown informant was reliable or had a basis to know anything other than the presence of the defendant, or someone similarly dressed, in the laundromat. See White, 496 U.S. at 328, 110 S.Ct. at 2415. Absent evidence that the informant was reliable or had a basis to know the reputed information, the record contains insufficient evidence to support the police officer’s obligation “to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.” Terry, 392 U.S. at 21, 88 S.Ct. at 1880.
*732 In another case in which a police officer stopped and searched a person based on an anonymous tip that the person had a gun, this Court ruled that the search was unlawful and stated as follows:
“[T]he test of constitutional validity [of a warrantless search] is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.” An important element in establishing the reliability of an anonymous tip is the predictive nature of the information. The information provided by the informant must describe not just easily obtained facts, but future third party actions not easily predicted. Probable cause to arrest must exist exclusive of the incident search.
Hardy v. Commonwealth, 11 Va.App. 433, 434-35, 399 S.E.2d 27, 28 (1990) (citations omitted).
For these reasons, I would hold that the officer lacked a lawful basis to conduct a Terry stop. Accordingly, I would reverse the convictions.