COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


COMMONWEALTH OF VIRGINIA

v.      Record No. 2791-95-3      MEMORANDUM OPINION[*] BY
                                   JUDGE JOHANNA L. FITZPATRICK
RICHARD EMMANUEL BROGGIN, JR.           MAY 7, 1996


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Richard S. Miller, Judge

Kathleen B. Martin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellant.

Joseph A. Sanzone (Joseph A. Sanzone
Associates, on brief), for appellee.


Richard Emmanuel Broggin, Jr. (appellee) was indicted for possession of cocaine with intent to distribute in violation of Code § 18.2-248. Appellee filed a motion to suppress the cocaine, arguing that the police officer had no probable cause to arrest him, searched him without a search warrant, and did not act under exigent circumstances. The trial court granted the suppression motion, and the Commonwealth appeals that ruling pursuant to Code § 19.2-398(2).[1] On appeal, the Commonwealth

---

[*] Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1] Code § 19.2-398 provides, in pertinent part, that:

> A petition for appeal from a circuit court
> may be taken by the Commonwealth only in
> felony cases . . . from . . . (2) [a]n order
> of a circuit court prohibiting the use of
> certain evidence at trial on the grounds such
> evidence was obtained in violation of the
> provisions of the Fourth, Fifth or Sixth

argues that: (1) the officer had probable cause to arrest appellee and search him incident to the arrest; and (2) even if the officer lacked probable cause, exigent circumstances justified the warrantless search. For the reasons that follow, we affirm the trial court.

In June 1995, Investigator W. K. Dance (Dance) of the Lynchburg Police Department received information from a reliable confidential informant who, in the past, had provided Dance with information that led to fifteen to twenty arrests and convictions. The informant told Dance that appellee had been selling cocaine at the Aerofin Corporation plant in Lynchburg every Thursday since November 1994 and that the informant had seen appellee sell cocaine. On the morning of Thursday, June 8, 1995, the informant called Dance and told him that: (1) appellee, an employee at the Aerofin plant, would arrive at the plant that day just before 3:30 p.m.; (2) he would be driving a dark-colored Suzuki motorcycle; (3) he would have cocaine to sell inside the plant; and (4) he would sell cocaine to his co-workers after they cashed their paychecks during their dinner break at 8:00 p.m. The informant had also called Dance with this information four to five days before June 8.

Dance did not obtain an arrest or search warrant prior to going to the plant. On June 8, Dance and two police officers saw

Amendments to the Constitution of the United States or Article I, Sections 8, 10 or 11 of the Constitution of Virginia.

2

appellee arrive at work at 3:25 p.m. on a black Suzuki motorcycle.  Dance approached appellee as he entered the plant and asked "if he had anything."  Appellee said no.  Dance then searched appellee's coat and found three plastic bags containing crack cocaine.  After finding the cocaine, Dance arrested appellee.

Appellee filed a pretrial motion to suppress the cocaine seized from his coat.  On November 21, 1995, the trial court granted the suppression motion and stated as follows:

> [T]he Court is going to sustain and grant the motion to suppress because I think . . . in this case that even though the Commonwealth established the reliability of the informant, . . . there was an opportunity to go and get the search warrant . . . .
>
> The case law authorizes a temporary, reasonable detention of a defendant under these circumstances.  There is nothing in the record to indicate why the officer did not do that.  He had the information from the informant at least prior to the search in this case.  And I think that there were no ex[i]gent circumstances shown in the record to justify the search.

In reviewing a trial court's ruling on a suppression motion, this Court considers the evidence in the "light most favorable to . . . the prevailing party below," the appellee in this instance, and the decision will only be disturbed if plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

"'[T]he test of constitutional validity [of a warrantless search] is whether at the moment of arrest the arresting officer

3

had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.'" Hardy v. Commonwealth, 11 Va. App. 433, 434-35, 399 S.E.2d 27, 28 (1990) (quoting DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987), cert. denied, 488 U.S. 985 (1988)).

"Probable cause to arrest must exist exclusive of the incident search." Carter v. Commonwealth, 9 Va. App. 310, 312, 387 S.E.2d 505, 506 (1990). "The information provided by [an] informant must describe not just easily obtained facts, but future third party actions not easily predicted." Hardy, 11 Va. App. at 435, 399 S.E.2d at 28 (citing Illinois v. Gates, 462 U.S. 213 (1983)).

Viewing the evidence in the light most favorable to appellee, we hold that the totality of circumstances did not support Dance's search of appellee. When Dance went to the plant, he verified only that appellee arrived at the plant where he worked at a certain time. Nothing about appellee's behavior indicated that he had drugs on his person, and Dance did not pause to observe appellee's actions before stopping him. Thus, Dance did not have probable cause to arrest appellee or to search him for drugs.

Additionally, no exigent circumstances supported Dance's search of appellee. "'Where there are exigent circumstances in which police action literally must be "now or never" to preserve the evidence of the crime, it is reasonable to permit action

4

without prior judicial evaluation.'" <u>Wright v. Commonwealth</u>, 222 Va. 188, 193, 278 S.E.2d 849, 853 (1981). In <u>Wright</u>, the police officer received the tip at 6:00 p.m., telling him that a drug delivery would be made at 6:30 p.m. <u>Id.</u> The Supreme Court of Virginia held that "[i]f he was to make the necessary investigation, intercept the suspects while the reported crime was in progress, and preserve the evidence of that crime, he had to act 'now or never.'" <u>Id.</u> The instant case is distinguishable from <u>Wright</u> in that Dance received the informant's tip several hours before the crime was to occur and had sufficient time to seek a search warrant.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.