COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Salem, Virginia

TROY EUGENE BRAXTON
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2006-96-3    JUDGE ROSEMARIE ANNUNZIATA
                                            JULY 15, 1997
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                         Mosby G. Perrow, III, Judge

                Elizabeth P. Murtagh, Assistant Public
                Defender, for appellant.

                Kimberley A. Whittle, Assistant Attorney
                General (James S. Gilmore, III, Attorney
                General, on brief), for appellee.


        Following a jury trial, appellant, Troy Eugene Braxton, was

convicted of possession of cocaine with intent to distribute.  On

appeal, he contends that the trial court erred in refusing to

suppress evidence obtained following his warrantless arrest and

that the evidence is insufficient to support his conviction.  We

disagree and affirm his conviction.

                                   I.

        A confidential informant told Investigator Dance that

appellant was engaged in felonious activity.  The informant

identified himself to Dance, and Dance, who knew the informant,

considered the informant to be reliable.  The informant had

provided Dance previous information which had proven reliable and

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

led to a conviction in another case. Dance testified that the informant was familiar with crack cocaine.

The informant told Dance that he had seen appellant possess crack cocaine within the preceeding fifteen minutes. The informant identified appellant by name and told Dance that appellant was riding in a cream-colored, Gray Top Cab, number seven, driven by Frank Morris, in the Old Forest Road area of Lynchburg. Dance conveyed this information to Officer Hollyfield and directed Hollyfield to stop the cab and arrest appellant. Because the cab was on the move, Dance determined that he had no time to obtain an arrest warrant, which, he testified, would take about an hour.

Within minutes of receiving Dance's report, Hollyfield spotted the cab Dance had described at an intersection on Old Forest Road. Hollyfield stopped the cab and, as he approached it, identified appellant in the back seat. Hollyfield opened the cab's rear door and grabbed appellant by the arm as he ordered him to exit the cab. Appellant resisted, but with the help of another officer, Hollyfield pulled appellant from the cab, arresting him for possession of cocaine. In the course of removing appellant from the cab, Hollyfield observed a white object fall from appellant's person to the floorboard directly below. The object was recovered and later proved to contain 10.84 grams of cocaine.

The officers transported appellant to the station house

where he executed a waiver of his Miranda rights. Appellant then told Dance that the crack had come from an individual known as "Shorty," for whom appellant "had been selling . . . for a little while." Appellant stated that he had paid for the cocaine and that "Shorty" did not "front" him the cocaine. When Dance asked how much appellant was selling "at the time," appellant responded, "[Y]ou know how much I'm selling, Dance."

Testifying as an expert witness, Dance stated that a gram of crack was worth $150 to $175 and that 10.84 grams of crack was worth over $1,500. He testified that crack is typically sold in $10, $20, and $40 rocks and that he had never known a crack user to buy in bulk. Dance testified that a user would typically get fifteen "hits" or dosages from a single gram.

Testifying in his defense, appellant admitted that he possessed the cocaine. He maintained, however, that he had purchased the crack for his own personal use and did not intend to sell it. Appellant denied telling Dance that he sold drugs for Shorty. He also testified that a gram of crack is worth about $30 and that a user would get only two or three hits per gram. Finally, appellant testified that he would have smoked the entire amount of crack that evening. On rebuttal, Dance testified that in his experience he had never known anyone who could smoke over ten grams of crack at once.

## II. MOTION TO SUPPRESS

There is no dispute that Hollyfield arrested appellant

without a warrant when he stopped the cab and removed him from it.  The issue is whether the arrest was supported by probable cause.  The arrest was lawful if Hollyfield had probable cause to believe that a felony had been or was being committed by appellant.  See McKoy v. Commonwealth, 212 Va. 224, 225, 183 S.E.2d 153, 155 (1971).  "`[T]he test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.'"  DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 542 (1987), cert. denied, 488 U.S. 985 (1988) (quoting Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)).

"[W]hen an officer receives from a known reliable informant a report that a felony is being committed that is so detailed as to raise an inference either of personal observation or of acquisition of the information in a reliable way then the officer has probable cause to arrest."  McKoy, 212 Va. at 227, 183 S.E.2d at 156.  Generally, the two elements of particular significance in cases involving informant information are: (1) the reliability of the informant him or herself; and (2) the inherent reliability of the informant's information as determined by the nature and detail of the circumstances described and any independent corroboration of those circumstances.  See id.; Illinois v. Gates, 462 U.S. 213, 233-35, 241-43 (1983).

In the present case, appellant does not dispute that the informant, previously known to Dance, was himself reliable. See McKoy, 212 Va. at 226, 183 S.E.2d at 155; Wright v. Commonwealth, 222 Va. 188, 191, 278 S.E.2d 849, 852 (1981). Cf. Hardy v. Commonwealth, 11 Va. App. 433, 434, 399 S.E.2d 27, 28 (1990) (information received from anonymous, unknown source); Carter v. Commonwealth, 9 Va. App. 310, 313, 387 S.E.2d 505, 507 (1990) (reliability of unnamed informant not established). Indeed, Dance's unrefuted testimony established the informant's reliability. See Huff v. Commonwealth, 213 Va. 710, 714–15, 194 S.E.2d 690, 694 (1973).

Furthermore, the informant's description was replete with detail. See McKoy, 212 Va. at 226, 183 S.E.2d at 156. The description identified appellant by name and placed him in a particular cab, identified by color, cab company, number and driver, on a particular street, at a particular time. The information further described the felonious activity appellant was alleged to have been committing; viz., possessing cocaine. Cf. Motley v. Commonwealth, 17 Va. App. 439, 441, 437 S.E.2d 232, 233 (1993) (where the police radio dispatch advised officer to be on the lookout for an individual fitting the defendant's description but gave no explanation as to why that individual was sought). As the Supreme Court found in McKoy, the detail in the informant's description here "could scarcely [have been] gleaned except by personal observation." See McKoy, 212 Va. at 226, 183

S.E.2d at 156. Finally, before he arrested appellant, Hollyfield was able to confirm much of the informant's information; viz., that appellant occupied the cream-colored, Gray Top cab, number seven.

In short, the detailed information provided by a known and reliable informant and significantly corroborated by Hollyfield provided Hollyfield probable cause to arrest appellant.[1]

II.

Appellant admits possession of the cocaine but contends that the evidence is insufficient to establish that he intended to distribute it.

> Where the sufficiency of the evidence is challenged on appeal, that evidence must be construed in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom. In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.

Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988) (citations omitted). The jury's verdict will not be set aside unless it appears that it is plainly wrong or without evidence to support it. Code § 8.01-680; Traverso v.

---

[1]The fact that Dance received the information from the informant and conveyed it to Hollyfield who actually made the arrest is not material. See White v. Commonwealth, 24 Va. App. 234, 240, 481 S.E.2d 486, 489 (1997) (citing United States v. Laughman, 618 F.2d 1067, 1072 (4th Cir.), cert. denied, 447 U.S. 925 (1980)).

Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). "It is fundamental that `the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.'" Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985)). Where the trier of fact finds a defendant's testimony to be incredible, it is entitled to infer that the defendant lied to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

Appellant contends that his statements to Dance cannot support his conviction. He contends that his statements referred only to past activities and therefore had no bearing on the present case. We disagree. Appellant clearly spoke in the present tense when he stated, "[Y]ou know how much I'm selling, Dance." Moreover, to the extent appellant's statement that he "had been selling [drugs for Shorty] for a little while," could be construed as representing only past transactions, it could be reasonably inferred that appellant also intended to sell the cocaine he possessed.

Appellant's further contention that his statements cannot support his conviction because they were uncorroborated is not supported in the record. Even assuming appellant's statements had to be corroborated, they were. Dance's expert testimony

concerning the quantity of cocaine appellant possessed and the nature of local drug transactions created a reasonable inference that the cocaine appellant purchased was not intended for personal use.  Furthermore, appellant denied he told Dance he had been selling for Shorty.  This conflict in the testimony raised a credibility question that the jury resolved against appellant, and, from that determination, the jury was entitled to infer that appellant was lying to conceal his guilt.  In sum, the evidence was sufficient to support appellant's conviction for possession with intent to distribute.

The decision of the trial court is accordingly affirmed.

Affirmed.