# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Kelvin Pleasants

April 13, 1998

Case Nos. 97-2447, 97-2411, 97-2412,
97-2446, 97-2985, 97-3123

BY JUDGE DONALD W. LEMONS

The matter before the Court is Defendant Kelvin Pleasants' Motion to Suppress evidence consisting of illegal narcotics and a firearm seized during two separate and unrelated arrests of the defendant. For the reasons outlined below, the defendant's motion is denied.

### Evidence Seized on March 26, 1997

On March 26, 1997, at 12:02 p.m. Detective Andrew J. Ford of the City of Richmond Police Department obtained a search warrant for the residence located at 4216 Old Brook Road, Apartment # 3, in the City of Richmond. The warrant's supporting affidavit contained statements made by a confidential, reliable informant that within the twenty-four hours preceding the issuance of the warrant, he had observed a black male selling crack cocaine on the premises. He described the black male as 5' 5" to 5' 7" tall, weighing between 185 to 200 pounds, with a dark complexion, and known to

the informant as "K.P." Further, the informant listed three automobiles which were owned by the defendant, including a "two tone grey [sic] minivan." The informant stated that "K.P." sold illegal narcotics from the apartment and the vehicles, although "usually [from] the minivan."

Officers Dextor Gadson and Stephen Dunfee of the City of Richmond Police Department were asked by Detective Ford to execute the search warrant and went to the location before other officers involved in the execution of the warrant arrived. While parked across the street from the residence, the officers observed a gray, two-tone minivan park in front of the apartment. Defendant went into the building for a period of fifteen to twenty minutes. The officers observed a white bag which was in the defendant's hands when he entered and exited the building and returned to his car. The defendant drove away and the officers followed. Relying on the information contained in the search warrant, the officers stopped the defendant. While speaking with the defendant, Officers Dunfee and Gadson noticed a white bag on the console between the two front seats of the minivan. Officer Gadson testified, "[t]he ... handle on the plastic bag was flapped down. And in plain view – [I] didn't have to touch it or move it – [I] saw [what I believed to be] marijuana in a clear plastic bag ... . [t]he bottom line, it was on top of another bag inside the bag. It was right up top. You couldn't miss it." The officers then arrested the defendant and searched his vehicle incident to his arrest. Upon searching both the vehicle and the defendant, the police discovered cocaine and a firearm.

For a police officer to stop a person, the officer must have "articulable facts supporting a reasonable suspicion that a person has committed a criminal offense." *Terry v. Ohio*, 392 U.S. 1, 22 (1968). Articulable suspicion which gives rise to reasonable cause for a *Terry* stop can be based upon information supplied by a confidential, reliable informant, even if the same information would be insufficient to support issuance of an arrest or search warrant. *Adams v. Williams*, 407 U.S. 143 (1972). In *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), the Supreme Court extended the logic of the *Terry* stop to persons driving automobiles. In *Williams v. Commonwealth*, 4 Va. App. 53 (1987), the court upheld a *Terry* stop which was conducted several blocks away from the location which was the subject of the search warrant.

In *Williams*, 4 Va. App. 53 (1987), appellant challenged his conviction for possession of cocaine with intent to distribute. He argued in part that evidence was seized in violation of his Fourth Amendment rights. In *Williams*, Detective Tamez of the Arlington County Police Department obtained a search warrant for 922 North Cleveland Avenue, on the basis of information

supplied by two confidential informants. Defendant and his co-defendant were believed to be distributing cocaine from the residence which was the subject of the search. Two other detectives who were conducting surveillance prior to the execution of the warrant radioed Tamez, then travelling to the location, that the defendant had gotten into a car and driven away. Both police vehicles followed defendant's vehicle, and they stopped the defendant about three or four blocks away from the house. *Id.* at 58-59.

Based upon the events which took place prior to and including the stop of the defendant on March 26, 1997, the court denies defendant's motion to suppress. The court finds that the totality of the circumstances created an adequate level of reasonable, articulable suspicion upon which Officers Gadson and Dunfee could make a *Terry* stop of the defendant. The defendant does not contest the reliability of the confidential informant who supplied the information in the affidavit. Reasonable articulable suspicion existed on the basis of the search warrant which (1) adequately identified the defendant's general appearance, (2) named a two-tone gray minivan as the primary vehicle from which the defendant conducted illegal drug activities, and (3) matched the location of the residence where the defendant was observed by the officers. In addition, the warrant identified illegal drug activity as the offense committed by the defendant. The officers saw the defendant carrying a white bag both in and out of the house which was named in the warrant. Combined with all of the other circumstances, the officers could have reasonably suspected that the white bag contained illegal narcotics. The court finds that all of these factors created a sufficient basis upon which the officers could have found reasonable articulable suspicion to stop the defendant.

The officers followed the defendant until he was stopped. Upon speaking with the defendant, Officer Gadson noticed a white, open bag in plain view between the seats. The bag appeared to contain marijuana. The defendant was placed under arrest, and the minivan and the defendant were searched incident to this arrest. The search incident to arrest resulted in the discovery of cocaine and a firearm. The motion to suppress is denied.

*Evidence Seized on July 6, 1997*

On July 6, 1997, Officer Moises Rivera of the Richmond City Police Department responded to a call that there was a "disorderly trespasser" at 2301 Chamberlayne Avenue, Room No. 23, in the City of Richmond. Upon his arrival, Officer Rivera found Tracy Robbins in the bed in the room "with marijuana in her pants and a spoon of cocaine on the table." (Tr. at 117.)

After Officer Rivera arrested Ms. Robbins for possession of marijuana, she received a phone call in the room. Officer Rivera did not pick up the phone to speak to the caller, although he did overhear Ms. Robbins say, "Everything's okay. Do you have the stuff? Come over," into the phone. After she hung up, Officer Rivera asked Ms. Robbins to identify the person with whom she had spoken. She said, "it was K.P." Officer Rivera asked her what the initials "K.P." stood for, and she said, "Kelvin Pleasants." The officer asked her why he was coming over, and she responded that he was her drug dealer and was going to bring her some crack cocaine to buy. Officer Rivera requested that the other officers leave the premises and move his vehicle while he waited with Ms. Robbins.

Officer Rivera observed a man walking in the parking lot through the window of the room. He asked Ms. Robbins if that was Kelvin Pleasants, and she responded, "that's Kelvin." The officer asked her to identify him again when he arrived at the door, which she did. Officer Rivera then stepped from behind the door, and the defendant put his hand on his right pants pocket. The officer reached for his gun, and then grabbed the defendant's hand before he could reach into his pocket. Officer Rivera put the defendant on the floor, handcuffed him, patted him down, and, upon feeling a bulge, reached into his pocket and removed what was later determined to be crack cocaine.

The test of "constitutional validity [of a warrantless arrest] is whether at the moment of the arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." *Bryson v. Commonwealth*, 211 Va. 85, 86-87 (1970). When probable cause is based in part upon uncorroborated information supplied by an informant, the "predictive nature of the information" is an important element in establishing the informant's reliability. *Alabama v. White*, 496 U.S. 325, 110 S. Ct. 2412, 2417 (1990). The informant's information should provide facts which exceed those which are easily obtainable and "describe future third party actions not easily predicted." *Illinois v. Gates*, 462 U.S. 213 (1983).

In *Hardy v. Commonwealth*, 11 Va. App. 433 (1990), the court reversed appellant's conviction on the basis that he had been detained and searched without probable cause. In *Hardy*, the Richmond Police Department received an anonymous phone call informing them of the appellant's description, the location where he could be found, his possession of a weapon on his person and cocaine in his hat, and a description of his companion. The arresting officer who responded to the call knew the appellant and found him in the location given by the informant. After patting the appellant down, the officer

removed appellant's hat, where he found cocaine. The court reversed appellant's conviction for possession of cocaine, holding that the informant's tip alone was not sufficient to support a finding of probable cause by the officer, as would enable him to conduct a warrantless arrest of the appellant. The court stated that the information which the officer relied on was:

> [N]othing more than innocent details which any casual observer could have given. None bolstered the informant's reliability by revealing inner knowledge of Hardy's activities. Anyone who saw Hardy on Hull Street that day could have given the same description of him. The uncorroborated statement that Hardy had a gun and cocaine neither enhanced nor detracted from the establishment of probable cause.

*Id.* at 435.

Conversely, in *United States v. Porter*, 738 F.2d 622 (4th Cir.) (en banc), *cert. denied*, 469 U.S. 983 (1984), the court found that an informant's tip, combined with the arresting officer's observations, did provide probable cause to arrest the appellant for possession of cocaine with intent to distribute. In *Porter*, an informant supplied information which included the appellant's identity, specific description of her appearance and clothing, and extensive details of her expected arrival at Washington National Airport when, as the informant stated, she would be carrying drugs from Miami. The court found that the informant's predictive information was corroborated by the officer's observation of the appellant, thereby supporting a finding of probable cause to arrest the appellant. *Id.* at 626.

In the matter before this court, Officer Rivera found Ms. Robbins in a hotel room with illegal narcotics. Officer Rivera was present when Ms. Robbins received a phone call from someone whom she identified as the defendant. Ms. Robbins told Officer Rivera that the defendant was on his way over so that she could purchase crack cocaine from him. Ms. Robbins identified the defendant by name for the officer both upon seeing him in the parking lot as he approached the hotel and when he arrived at the door. The defendant immediately reached for his right front pocket, and Officer Rivera brought him to the ground for his safety.

Although Officer Rivera testified at the evidentiary hearing that his initial concern was for his safety, the court finds that the circumstances support a finding that the officer had probable cause to arrest him for possession of a controlled substance with intent to distribute. First, the informant, Ms. Robbins, had already been arrested for possession of a controlled substance at

the time she gave the information regarding the defendant. Officer Rivera testified that she was sober at the time she gave him the information regarding the defendant. In addition, the defendant does not question her credibility. Such circumstances do not support any reason for her to fabricate a story to implicate the defendant. Second, the information supplied by Ms. Robbins was proven to be predictive of the defendant's behavior. Officer Rivera observed Ms. Robbins *receive* a phone call, rather than place a call. Her words on the phone conveyed that she was in fact attempting to purchase drugs from the defendant. She told the officer that her drug dealer would be arriving shortly. Third, the defendant's arrival at the hotel room immediately thereafter further corroborated Ms. Robbins' statements to Officer Rivera.

Based upon these facts, the court finds that Officer Rivera had probable cause to arrest the defendant for possession of cocaine with intent to distribute. Ms. Robbins provided information which was predictive of the defendant's conduct and which was corroborated by Officer Rivera's own observations. Because the officer had probable cause to arrest the defendant without a warrant, the court denies the defendant's motion to suppress the evidence.