COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Senior Judges Duff and Hodges


CARL THOMAS BROWN, JR.

v.    Record No. 0852-94-3          MEMORANDUM OPINION[*] BY
                                    CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                 AUGUST 8, 1995

            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

        Elizabeth P. Murtagh, Assistant Public
        Defender, for appellant.

        Thomas C. Daniel, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Carl Thomas Brown, Jr. appeals his conviction of possession

of cocaine with the intent to distribute.  Brown asserts that the

trial court erred by failing to suppress certain evidence in his

trial and that the evidence introduced by the Commonwealth was

insufficient to support his conviction.  We disagree and affirm.

        On the night of November 19, 1993, Officer H.W. Duff, Jr.

was dispatched to the 300 block of Walnut Street, in response to

a complaint about three males described as African Americans,

wearing jackets and jeans, who were allegedly gambling and

selling drugs.  When Officer Duff arrived, he saw three African

American males and a female, all wearing jackets and jeans, on

the porch at 315 Walnut Street.  As he approached, he saw a clear

plastic baggie in Brown's hand.  When Officer Duff asked what it

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was, Brown simply handed him the baggie. Duff noted that it contained a white residue, which he concluded was cocaine.

Believing that the substance was cocaine, Officer Duff told Brown to turn around and place his hands on a pillar for a weapons pat-down. During the pat-down, Brown consented to a further search of his person, but then broke free and fled when Officer Duff attempted to reach into his coat pocket.

Officer Duff pursued Brown and placed him under arrest for obstructing justice. Searching him incident to the arrest, Duff recovered two plastic baggies containing chunks of cocaine. Subsequent to receiving his Miranda rights, Brown confessed to Officer Duff that he was selling the drugs to support his personal drug habit.

On appeal, Brown contends that the trial court's order must be reversed because his Fourth Amendment rights were violated. He contends that the officer did not have a reasonable suspicion that a crime had occurred and that there was no basis to conduct a Terry investigatory stop.

> Well established Fourth Amendment jurisprudence has placed police-citizen confrontations into three categories. First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the Fourth Amendment. Second, there are brief investigatory stops which must be based on specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant a limited intrusion. Third, there are highly intrusive, full-scale arrests, which must be based on probable cause.

Iglesias v. Commonwealth, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988).

- 2 -

Officer Duff's initial contact with the appellant falls squarely into the consensual category of police-citizen confrontations. Officer Duff approached Brown in the yard of Ronnie Rucker, a friend of Brown. He did not detain Brown or seize him in any manner. When Officer Duff asked Brown what he had in his hand, Brown simply handed him the baggie. At that moment, when Officer Duff detected the presence of a white powdery residue, which he concluded was cocaine, there was probable cause to arrest.

In assessing an officer's probable cause for making a warrantless arrest, "[t]he test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." Penn v. Commonwealth, 13 Va. App. 399, 407-08, 412 S.E.2d 189, 194 (1991) (internal quote was omitted). Officer Duff had both the information given by the informant that Brown was dealing drugs and the belief that the substance within the baggie was cocaine. These facts were sufficient to support a reasonable belief that the appellant had committed the crime of possession of a controlled substance.

> Probable cause to arrest must exist exclusive of the incident search. . . . So long as probable cause to arrest exists at the time of the search, however, it is unimportant that the search preceded the formal arrest if the arrest "followed quickly on the heels of the challenged search."

Carter v. Commonwealth, 9 Va. App. 310, 312, 387 S.E.2d 505,

506-07 (1990).  It is, therefore, not necessary to determine if Officer Duff had Brown's consent or whether Officer Duff had probable grounds for an arrest.  "[I]f the police have probable cause to effect an arrest, a limited search may be justified even in the absence of a formal arrest."  Cupp v. Murphy, 412 U.S. 291, 295-96 (1973).  Therefore, the trial court did not err in admitting the evidence found during the search.

"Where `the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the corpus delicti."  Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), cert. denied, 469 U.S. 1230 (1985).  The fact that the appellant possessed cocaine is sufficient to corroborate the appellant's confession that he intended to distribute the drugs in order to support his own drug habit.  Therefore, the evidence was sufficient to prove that the appellant possessed the cocaine with the intent to distribute.

Affirmed.