COURT OF APPEALS OF VIRGINIA

Present:  Judges Annunziata, Bumgardner and Clements
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                        MEMORANDUM OPINION* BY
v.    Record No. 2503-00-1            JUDGE JEAN HARRISON CLEMENTS
                                              APRIL 23, 2001
JOSHUA DICKSON


           FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                         Randolph T. West, Judge

             Thomas M. McKenna, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellant.

             James B. Thomas for appellee.


     Joshua Dickson stands indicted for possession of cocaine with

intent to distribute in violation of Code § 18.2-248 and

possession of a firearm while in possession of cocaine in

violation of Code § 18.2-308.4(A).  The Commonwealth appeals the

trial court's pretrial ruling granting Dickson's motion to

suppress evidence of a .38 caliber handgun and suspected crack

cocaine found in Dickson's pockets during a warrantless search of

his person by police.  The Commonwealth contends the trial court

erred in suppressing the evidence because, even though the search

was conducted prior to the formal arrest of Dickson and even

though the search was incident to an "arrest" for what normally is

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

a summonsable offense, the officers had probable cause at the time of the search to arrest Dickson for unlawfully possessing fireworks and the search was justifiable to protect the officers' safety and to preserve or discover evidence of Dickson's illegal possession of fireworks.  For the reasons that follow, we reverse the trial court's suppression of the evidence.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts necessary to a disposition of this appeal.

In a pretrial appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, Dickson in this case, granting to him all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed de novo on appeal."  McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (quoting Ornelas v. United States, 517 U.S. 690, 691 (1996)).  However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  Id. at 198, 487 S.E.2d at 261 (citing Ornelas, 517 U.S. at 699).

-

The trial court found that the search of Dickson was unlawful because (1) it was conducted before Dickson was formally arrested and (2) it went "too far" in a case where normally a summons would be issued. The Commonwealth first argues that the search of Dickson was legal because the officers had probable cause when the search was conducted to arrest Dickson for illegal possession of fireworks.

"'When an officer has probable cause to arrest a person, the officer may search the person . . . .'" Williams v. Commonwealth, 21 Va. App. 263, 267, 463 S.E.2d 679, 681 (1995) (quoting Buck v. Commonwealth, 20 Va. App. 298, 304, 456 S.E.2d 534, 537 (1995)). "Probable cause to arrest must exist exclusive of the incident search. So long as probable cause to arrest exists at the time of the search, however, it is unimportant that the search preceded the formal arrest if the arrest 'followed quickly on the heels of the challenged search.'" Carter v. Commonwealth, 9 Va. App. 310, 312, 387 S.E.2d 505, 506-07 (1990) (quoting Wright v. Commonwealth, 222 Va. 188, 193, 278 S.E.2d 849, 852-53 (1981) (internal quotations omitted)). "In addition, if the police have probable cause to effect an arrest, a limited search may be justified even in the absence of a formal arrest." Poindexter v. Commonwealth, 16 Va. App. 730, 733, 432 S.E.2d 527, 529 (1993).

"Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which [the officer] has reasonably trustworthy information are sufficient in

-

themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." Schaum v. Commonwealth, 215 Va. 498, 500, 211 S.E.2d 73, 75 (1975). "Probable cause is assessed by considering the totality of the circumstances pertaining to the facts known to the officer at the time." United States v. Sokolow, 490 U.S. 1, 9-10 (1989).

Here, Officers Gayle and Berryman were on bike patrol when they heard firecrackers going off. Their dispatch had also relayed a report of suspected shots being fired in the area. The officers followed the noise of the fireworks to an area where they saw Dickson and a group of other people. Officer Gayle observed Dickson with a lighter in his hand, preparing to light a firecracker. Officer Berryman observed Dickson light a firecracker and throw it in the air. Plainly, these circumstances, witnessed by the officers, warranted the belief by a person of reasonable caution that Dickson was unlawfully using fireworks in violation of Code §§ 59.1-142 and 59.1-145.[1] The officers therefore had probable cause to arrest Dickson without a warrant prior to conducting the challenged search.

---

[1] Officer Gayle testified that he originally intended to charge Dickson with possession of fireworks under the City of Newport News Code § 16-20; however, neither the charging document nor the applicable section of the city code were made a part of the record on appeal. We therefore base our analysis on Dickson's unlawful use of fireworks in violation of Code §§ 59.1-142 and 59.1-145.

Officer Gayle testified that, after observing Dickson preparing to light a firecracker, he "was going to arrest him for the possession of fireworks," but he did not put handcuffs on Dickson or inform him he was under arrest at that point. Gayle had Dickson step away from the crowd and started checking his pockets because he "had reason to believe that [Dickson] had more fireworks on his person" and he wanted "to recover those fireworks." Incident to that search, Gayle found a .38 caliber handgun in Dickson's left rear pocket. Gayle immediately placed Dickson "in custody for concealed weapon [sic] and for [Gayle's] safety" and continued his search of Dickson's pockets. He then found a plastic bag containing "eleven individually wrapped pieces of" suspected crack cocaine in Dickson's watch pocket. Following the search, Gayle arrested Dickson on the fireworks offense, in addition to the other charges.[2]

We hold, therefore, that, because probable cause to arrest existed at the time of the search and because the arrest followed quickly on the heels of the challenged search, the search was not unconstitutional solely because it had been conducted prior to Dickson's formal arrest.

Our analysis, however, does not end there. The trial court also determined that the search of Dickson's person was illegal because the search was not conducted incident to a lawful

---

[2] The fireworks charge was, Gayle believed, later "nolle prossed down in criminal court."

-

custodial arrest, but incident to a misdemeanor arrest requiring only the issuance of a summons rather than a custodial arrest. Officer Gayle, in fact, testified that a suspect in possession of fireworks would not "normally" be taken into custody, but would be given a summons and released.

Code § 19.2-74(A)(1) provides that an arresting officer who has custody or detention of a person for certain misdemeanor offenses, including unlawful use of fireworks, shall issue the person a summons and, upon his written promise to appear in compliance with the summons, shall release that person from custody.  However, that section, in conjunction with Code § 19.2-82, permits an officer to effect a warrantless custodial arrest if the person fails or refuses to discontinue the unlawful act or refuses to give a written promise to appear, or if the officer reasonably believes the person will likely disregard the summons or will likely do harm to himself or others.

Viewed in the light most favorable to Dickson, the evidence does not support a finding that any of the circumstances permitting a lawful custodial arrest under Code § 19.2-74(A) existed here.  Thus, we must conclude that, in this case, the officers could have issued only a summons to Dickson in connection with his arrest for unlawful use of fireworks.

Following the rationale of the Supreme Court in Knowles v. Iowa, 525 U.S. 113 (1998), the Supreme Court of Virginia held in Lovelace v. Commonwealth, 258 Va. 588, 522 S.E.2d 856 (1999), that

-

"an 'arrest' that is effected by issuing a citation or summons rather than taking the suspect into custody does not, by itself, justify a full field-type search."  Id. at 596, 522 S.E.2d at 860. Code § 19.2-74 does not

> contemplate[] a custodial situation
> equivalent to an actual custodial arrest.
> Under that statute, a suspect is detained, or
> in the custody of the police officer, only
> long enough for the officer to take down the
> name and address of the person and issue a
> summons. . . .  Thus, the threat to officer
> safety is less.

Id.

However, the Court recognized in Lovelace that concerns for officer safety or the need to preserve or discover evidence could warrant an additional intrusion.  Id. at 594, 522 S.E.2d at 859. Such an intrusion, though, must be "limited to what is necessary to answer" those specific concerns and needs.  Id.  The Court applied such rationale in Lovelace as follows:

> Next, assuming without deciding that
> there was a need to discover evidence or a
> threat to the officers' safety, we conclude
> that the extent of [the officer's] search
> exceeded the scope necessary to accomplish
> either of those objectives.  Once [the
> officer] conducted his "patdown" of Lovelace
> and felt nothing similar to a weapon, any
> reasonable concern for officer safety was
> resolved.  Likewise, [the officer] did not
> testify that he felt something that was
> evidence related to Lovelace's drinking an
> alcoholic beverage in public.  Instead, he
> felt a "squooshy" bag.  In other words, [the
> officer] did not "reasonably believe" that
> the bag was either a weapon or evidence
> related to Lovelace's alleged alcohol
> offense.  Thus, [the officer's] subsequent

-

> reach into Lovelace's pocket to retrieve the "squooshy" bag was not in furtherance of either officer safety or the preservation of evidence. Once [the officer] satisfied himself that Lovelace did not have a weapon or evidence of an alcohol offense on his person, the officer had no basis to continue his search.

Id. at 596-97, 522 S.E.2d at 860.

Here, Officer Gayle was authorized by Code § 19.2-74(A)(1) only to issue Dickson a summons for the unlawful use of fireworks. Accordingly, the search of Dickson's person incident to that non-custodial arrest was unjustified unless concerns for officer safety or the need to preserve or discover evidence warranted such an additional intrusion. Moreover, if such a search was warranted for those reasons, it had to have been limited to what was necessary to answer those specific concerns and needs. We hold that the search by Gayle of Dickson's person was warranted under the circumstances and was properly limited to accomplish the permissible objectives set forth in Lovelace.

There was, in this case, a definite concern for the officers' safety as well as the need to preserve and discover evidence. En route to the area where illegal fireworks were being ignited, Officers Gayle and Berryman received a report from dispatch of suspected gunshots in the same area. Upon their arrival at the scene, the officers observed Dickson in the act of lighting firecrackers. This evidence, we believe, supports a finding that the officers were entitled to reasonably conclude that Dickson was

-

armed possibly with a gun and certainly with additional firecrackers and lighting instruments which constituted a threat to their safety. Furthermore, Officer Gayle, we believe, was entitled to reasonably conclude that a search of Dickson's pockets would yield or preserve further evidence of his illegal use of fireworks.

Additionally, unlike in Lovelace where the officer felt nothing during his "patdown" of the suspect similar to a weapon or evidence related to the original offense, Gayle's search of Dickson's person revealed a .38 caliber revolver in Dickson's rear pocket and suspected crack cocaine in his front pocket. We find that, because the suspected cocaine was eleven individually wrapped pieces of crack cocaine, rather than a "squooshy" bag like the drugs found on Lovelace, Gayle could reasonably have concluded when he felt the suspected cocaine in Dickson's pocket that it was evidence related to Dickson's unlawful use of fireworks. Hence, Gayle's retrieval of the handgun and drugs from Dickson's pockets was in furtherance of the limited permissible objectives of officer safety and the preservation or discovery of evidence.

We hold, therefore, that the search of Dickson was consistent with the Fourth Amendment. Consequently, the trial court erred in suppressing the Commonwealth's evidence.

-

Accordingly, we reverse the trial court's suppression of the evidence and remand this case for further proceedings consistent with this opinion, if the Commonwealth be so advised.

Reversed and remanded.