BENTON, J.,
dissenting.
“[L]ong-prevailing standards [of probable cause] ... safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime.” Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949); see also Dunaway v. New York, 442 U.S. 200, 208, 99 S.Ct. 2248, 2254, 60 L.Ed.2d 824 (1979). Equally longstanding is the rule “that a person, by mere presence in a suspected car, [does not lose] immunities from search of his person to which he would otherwise be entitled.” United States v. Di Re, 332 U.S. 581, 587, 68 S.Ct. 222, 225, 92 L.Ed. 210 (1948). In a recent case involving the arrest of a passenger in a car, the Supreme Court reiterated that the probable-cause standard “deals with probabilities and depends on the totality of the circumstances,” that “ ‘[t]he substance of all the definitions of probable cause is a reasonable ground for belief of guilt,’ ” and that a police officer’s “belief of guilt must be particularized with respect to the person to be searched or seized.” Maryland v. Pringle, 540 U.S. 366, 371, 124 S.Ct. 795, 800, 157 L.Ed.2d 769 (2003) (citations omitted). These standards are designed to avoid leaving “citizens at the mercy of the officers’ whim or caprice.” Brinegar, 338 U.S. at 176, 69 S.Ct. at 1311.
When the historical facts of this case are viewed from the standpoint of an objectively reasonable police officer, they do not amount to probable cause. At best, this case is about an officer who had a suspicion that Robert Nicholas Dodd was involved in unlawful activity, which is something less than *315 probable cause. Even if that suspicion rose to the level of reasonable suspicion to believe Dodd was involved in criminal conduct that was not probable cause to arrest him for a crime. See Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 923 (2000); Ewell v. Commonwealth, 254 Va. 214, 216-17, 491 S.E.2d 721, 722-23 (1997). Probable cause means something more than “suspicion, or even ‘strong reason to suspect.’ ” Henry v. United States, 361 U.S. 98, 101, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); see also Brown v. Commonwealth, 270 Va. 414, 421, 620 S.E.2d 760, 764 (2005). Furthermore, where probable cause is lacking at the moment of arrest, the arrest is unlawful. Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 226, 13 L.Ed.2d 142 (1964).
The evidence proved a woman drove her car to a convenience store about 11:00 p.m. She and Dodd, her passenger, entered the convenience store and made purchases. As the woman and Dodd exited the convenience store, a man who was Dodd’s friend stopped Dodd and talked to him. When Dodd later exited his friend’s truck, police officers detained Dodd and his friend on a hunch they had been involved in a drug transaction. They released both men, however, and told them they were free to leave.
As this occurred, other police officers arrested the woman, charging her with driving while being in the status of an habitual offender. After the officers arrested the woman, Officer Shughart searched the car, which was registered to the woman, and found a purse within the closed center console between the driver’s and passenger’s seats. Inside the woman’s purse, he found “two pill bottles that had ... holes punctured in [them], and they had ashes that someone would use marijuana or cocaine to smoke in.” Officer Ivancic described the discovery as “a pipe that could be used to ingest crack or marijuana”; he examined “the bottle and confirmed it was in fact contraband.” The woman admitted owning the purse containing the devices.
Inside the same console, Officer Shughart also found what he variously described as a “cosmetic case,” “a makeup purse,” *316 or “a personal makeup case.” In that “cosmetic case,” he found “a small rock of cocaine and some marijuana.” Officer Shughart testified the woman “denied any knowledge of it ... [and] made no claim to that.”
After the discovery of this contraband in the car, Officer Ivancic arrested Dodd. The officer told Dodd “he was the recent occupant of a vehicle that contained narcotics, and that [Officer Ivancic] was going to be searching his person.” Officer Ivancic testified that, before Officer Shughart discovered the contraband in the car, “[t]here was no probable cause that allowed [him] to search [Dodd].” When he searched Dodd, he found contraband in Dodd’s pocket. After this arrest and search, Dodd fled but was immediately captured. The officer’s further search led to discovery of cocaine. The trial judge ruled the initial arrest was lawful and that the ensuing search was incident to the arrest.
Although Officer Ivancic arrested Dodd based on the cocaine found in the car, he had no facts available to him that provided a particularized and objective basis to believe Dodd was involved in a crime. See Ybarra v. Illinois, 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238 (1979) (holding that “[w]here the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person”). Indeed, Officer Ivancic did not charge Dodd with possession of the cocaine, marijuana, or paraphernalia found in the car. Instead, he charged Dodd with possession of the cocaine found on his person during the search he conducted after seizing Dodd due to the discovery of drugs and contraband in the woman’s car.
In Pringle, where an officer arrested three men in a car at 3:00 a.m. after he found drugs in the car, the Supreme Court upheld the arrest of a passenger, noting “it was reasonable for the officer to infer a common enterprise” among the occupants of the car because “[t]he quantity of drugs and cash in the car indicated the likelihood of drug dealing.” 540 U.S. at 373, 124 S.Ct. at 801. Those circumstances, which particularized the probable cause by linking the occupants of the car to the *317 drugs in the case after “no one admitted to ownership,” 540 U.S. at 368, 124 S.Ct. at 799, do not exist in this case. Here, the woman acknowledged owning the purse containing paraphernalia and residue of drugs. No facts or circumstances tended to indicate Dodd was aware of the presence of those items. They were not openly displayed in the car; they were within a woman’s purse; and they were stored inside the closed console next to the woman who was driving the car. Moreover, the facts known to the police officers did not indicate that the one small piece of crack cocaine and the undisclosed quantity of marijuana within the cosmetic case were a quantity associated with drug distribution. This contraband and the other drugs were only indicative of the woman’s personal use of drugs.
The majority opinion simply speculates when it concludes the woman and Dodd “were engaged in the common enterprise of ingesting illegal narcotics.” Although the woman’s possession of two smoking devices was not explained, the record established that the devices could be used to ingest either marijuana or cocaine, both of which were in the cosmetics case. A reasonable inference might suggest one pipe for each substance. However, no facts tend to establish Dodd knew any of the items were present and no officer testified that he detected an odor of marijuana or cocaine in the car. The only common enterprise suggested by the evidence in this case was Dodd’s trip with the woman to make a purchase inside the convenience store.
Furthermore, unlike in Pringle, where no one claimed ownership of the contraband, the woman who owned and drove this car admitted she owned the devices used to ingest cocaine and marijuana. In view of her confession and the nature of the container holding the crack cocaine and marijuana (a woman’s cosmetics case), no reasonable officer could conclude there was probable cause to believe Dodd possessed a woman’s makeup purse or cosmetics case and its contents.
In Di Re, the Supreme Court held that when police officers have information that points to criminal culpability of one of *318 several persons in an automobile, the officers cannot lawfully arrest everyone.
[W]hatever suspicion might result from Di Re’s mere presence [in the automobile] seems diminished, if not destroyed, when Reed, present as the informer, pointed out Buttitta [the owner and driver of the car], and Buttitta only, as a guilty party. No reason appears to doubt that Reed willingly would involve Di Re if the nature of the transaction permitted. Yet he did not incriminate Di Re. Any inference that everyone on the scene of a crime is a party to it must disappear if the Government informer singles out the guilty person.
332 U.S. at 594, 68 S.Ct. at 228.
The reasoning is analogous here. Although the woman was not an informer in the strict sense of that term, she did, by her confession, point to herself as the culpable party. In view of her confession that she owned the purse with the devices used for ingesting cocaine and marijuana, a reasonable police officer obviously could infer her ownership of the cocaine and marijuana in the woman’s cosmetic case found in the same console as the purse. However, without any factual basis tying Dodd to these items, the officer could not have reasonably concluded Dodd was aware of or possessed the small piece of cocaine found in a woman’s cosmetic case. The only reasonable inference to be drawn from these facts is that the items in the cosmetics case belonged to the woman, who was the driver and the owner of the car and who possessed the smoking device with residue.
The majority opinion suggests that “logically” Dodd was “the only other person ... who could be responsible for the [small piece of] cocaine” and the marijuana in the cosmetics case. From the evidence that the woman “denied any knowledge” of the cosmetics case, the majority posits that, therefore, the woman’s cosmetics case belonged to Dodd. The majority’s reasoning is a non sequitur. Assuming the officer could reasonably believe the woman did not own the precise substances that her devices were created to ingest, nothing in *319 her statement to the police excluded ownership of the cosmetics case by any other person, such as a woman who had earlier been in the car.
Citing Ellison v. Commonwealth, 219 Va. 404, 408-11, 247 S.E.2d 685, 688-89 (1978), the majority opinion concludes the officer could believe the woman was credible when she denied that the “personal makeup case” or “cosmetics case” was hers because the officer could have deemed her acknowledgement that the purse was hers to be a statement against her interest. Although the officer testified the woman “denied any knowledge of the makeup case,” he also testified “she wasn’t being straight forward” answering his questions. Neither officer testified he believed the woman was credible.[4] Indeed, the fact that the officers charged the woman, not Dodd, for the cocaine and marijuana found in the car is manifestly evidence they disbelieved her denial. As the Supreme Court has noted, *320 “[o]ne of the most effective ways to lie is to mix a falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature.” Williamson v. United States, 512 U.S. 594, 599-600, 114 S.Ct. 2431, 2435, 129 L.Ed.2d 476 (1994). In any event, the woman’s statement did not inculpate Dodd as the owner of the cosmetics case.
The majority opinion also concludes for another reason that the woman’s denial of ownership indicates the “small” piece of crack cocaine and the marijuana must have been owned by Dodd. It holds that the officers were entitled to draw an inference that no other person owned the items because they had significant value and “an unnamed third person was unlikely to have left the crack cocaine in a vehicle belonging to another.” The facts, however, do not support the premise. No evidence proved this small piece of crack cocaine was “a commodity of significant value.” Likewise, the record contains no evidence of the quantity or value of the marijuana except for the proof that the cosmetic case holding it was a “small tin.” This evidence leaves it just as likely that the items were merely residues of substances left from the woman’s use. In addition to the lack of proof the drugs were of a usable quantity or of any significant value, the facts before the officer pointed to the likely owner of the cosmetics case being the woman driver or another woman Mend.
I also disagree, therefore, with the majority opinion’s assertion that a police officer could reasonably conclude that Dodd, the male passenger in the car, had ownership interest in a woman’s “personal makeup case” or “cosmetic case” that was found in the same closed compartment as the woman’s purse. Probable cause “deals with probabilities” that “must be particularized” to the individual. Pringle, 540 U.S. at 371, 124 S.Ct. at 800. In this case, the woman who owned the car and the purse containing the devices for smoking cocaine and marijuana was present. She did not say the “personal makeup case” belonged to Dodd. No officer testified that Dodd wore makeup. Even if the officer could have believed the woman’s denial of ownership, that denial did not implicate Dodd. The evidence *321 proved it was not his car, and the evidence did not suggest he would have owned or possessed a cosmetics case.
The totality of the evidence in this case established that the officers were merely suspicious of Dodd because he had been talking to his friend in his friend’s truck. Even reasonable suspicion, however, requires more than an “ ‘inchoate and unparticularized suspicion or “hunch.” ’ ” Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004) (quoting Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968)). The discovery of the small piece of cocaine in the cosmetics case in the car added nothing to the facts and circumstances known by the officers about Dodd. “Probable cause to arrest must exist exclusive of the incident search.” Carter v. Commonwealth, 9 Va.App. 310, 312, 387 S.E.2d 505, 506 (1990); see also Rios v. United States, 364 U.S. 253, 261-62, 80 S.Ct. 1431, 1436, 4 L.Ed.2d 1688 (1960).
I believe that it is significant that the officers did not charge Dodd for the cocaine and marijuana found in the woman’s “personal makeup case” and that they did arrest and charge the woman for possession of the crack cocaine and marijuana they found in the “personal makeup case.” Obviously, they arrested her because they disbelieved her denial of ownership and concluded the “personal makeup case” (or cosmetics case) was hers. Simply put, the facts and circumstances available to the officer would not have caused a reasonable police officer to have probable cause to believe Dodd possessed the cocaine found in a woman’s cosmetics purse stored in the console of the woman’s car or to believe he otherwise was engaged in criminal conduct. The discovery of those items pointed not to Dodd but, rather, solely to the woman. For these reasons, I would hold the trial judge erred in refusing to suppress the evidence.

. Even setting aside this gap in the majority’s reasoning, Ellison involved a trial evidentiary rule and is not supportive of the proposition espoused by the majority opinion. Moreover, the United States Supreme Court in Lilly v. Virginia, 527 U.S. 116, 133, 119 S.Ct. 1887, 1898, 144 L.Ed.2d 117 (1999), cited Ellison and rejected as untrustworthy the use of an accomplice's confessions to inculpate a defendant.
It is clear that our cases consistently have viewed an accomplice’s statements that shift or spread the blame to a criminal defendant as falling outside the realm of those "hearsay exception[s] [that are] so trustworthy that adversarial testing can be expected to add little to [the statements’] reliability.” White [v. Illinois], 502 U.S. [346, 357, 112 S.Ct. 736, 743, 116 L.Ed.2d 848 (1992)]. This view is also reflected in several States' hearsay law. Indeed, prior to 1995, it appears that even Virginia rarely allowed statements against the penal interest of the declarant to be used at criminal trials. See, e.g., Ellison v. Commonwealth, 219 Va. 404, 247 S.E.2d 685 (1978). That Virginia relaxed that portion of its hearsay law when it decided Chandler v. Commonwealth, 249 Va. 270, 455 S.E.2d 219 (1995), and that it later apparently concluded that all statements against penal interest fall within "a 'firmly rooted’ exception to the hearsay rule in Virginia,” [Lilly v. Commonwealth,] 255 Va. [558,] 499 S.E.2d [522,] 534 [(1998)], is of no consequence. The decisive fact, which we make explicit today, is that accomplices’ confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule as that concept has been defined in our Confrontation Clause jurisprudence.
Lilly, 527 U.S. at 133-34, 119 S.Ct. at 1899.